XUE XIAN ZHENG, Petitioner,

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 06–5125–ag.

United States Court of Appeals, Second Circuit.

July 18, 2007.

Chun W. Wong, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Lisa Arnold, Senior Litigation Counsel; Jennifer Keeney, Trial Attorney, Office of Immigration Litigation, Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner Xue Xian Zheng, a native and citizen of the People's Republic of China, seeks review of an October 11, 2006 order of the BIA denying her motion to reopen her removal proceedings. *In re Xue Xian Zheng a.k.a. Shea Shian Cheng*, No. A 77 643 060 (B.I.A. Oct. 11, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the agency denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Zheng's motion as untime-

ly. The BIA previously dismissed Zheng's appeal in August 2004, and Zheng did not file her motion to reopen until August 2006, well beyond the ninety day deadline. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). Yet, even assuming the motion had been timely, the BIA properly found that Zheng failed to make a *prima facie* showing of eligibility for CAT relief based on her new argument and supporting evidence. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (emphasizing that the failure to establish a *prima facie* case for the underlying substantive relief sought is a proper ground on which the BIA may deny a motion to reopen).

As Zheng noted in her motion, the Aird affidavit that she presented to the BIA indicates that "people are often arrested and detained in China for very minor offenses or for no offence at all," and "[s]ome evidence suggests that illegal departure from China may result in detention for those forcibly repatriated." Additionally, the UN report indicates that there is widespread use of torture in China, and that combating torture is impeded by local policing and the absence of procedural safeguards. Further, as Zheng pointed out in her motion, the Seventh Circuit in *Lian v. Ashcroft*, 379 F.3d 457 (7th Cir.2004), expressed concern that returnees to China who had emigrated illegally are subjected to "internal guidelines," and that torture was expected to be "particularly common in places of detention that exist outside the ordinary legal system."

However, this evidence notwithstanding, the BIA did not abuse its discretion in declining to reopen Zheng's proceedings where she failed to point to anything in the record indicating that it is more likely than not that she would be tortured. Thus, "[w]ithout more particularized evidence," Zheng has not established that it is more likely than not that she would be mistreated in any way if returned to China, as relevant to the CAT. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005) (holding that a reasonable factfinder would not be compelled to conclude that the petitioner would more likely than not be subjected to torture if removed to China based solely on the fact that she had illegally departed China, without more particularized evidence). The BIA therefore properly denied Zheng's motion and provided adequate reasoning for doing so. *See Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).